IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SMA MEDICAL LABORATORIES,**<br>　　　　Plaintiff, | **CIVIL ACTION** |
| v. | |
| **ADVANCED CLINICAL LABORATORY<br>SOLUTIONS, INC, and<br>LEONID REYFMAN, M.D.,**<br>　　　　Defendants. | **NO. 17-3777** |

**DuBois, J.**                                                                                                      **July 11, 2018**

## **M E M O R A N D U M**

### I. INTRODUCTION

Presently before the Court is defendants Advanced Clinical Laboratory Solutions, Inc. ("ACLS"), and Leonid Reyfman's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2), (3) and (6) or, in the Alternative, to Transfer the Action Pursuant to 28 U.S.C § 1404(a). For the reasons set forth below, the Court grants defendants' Motion to Transfer the Action Pursuant to 28 U.S.C § 1404(a) and denies defendants' Alternative Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3) for lack of personal jurisdiction and improper venue as moot. The Court takes no action with respect to defendants' Alternative Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

### II. BACKGROUND

In assessing a motion to transfer, "all well-pleaded allegations in the complaint are generally taken as true unless contradicted by the defendant's affidavits, and the Court may examine facts outside the complaint to determine proper venue." *Holiday v. Bally's Park Place, Inc.*, No. 06-cv-4588, 2007 U.S. Dist. LEXIS 66554, at *4-5 (E.D. Pa. Sep. 7, 2007). Based on

the Complaint, the affidavits submitted by the parties, and the other submissions of record, the facts of the case may be summarized as follows:

Plaintiff SMA Medical Laboratories, Inc. ("SMA") brought suit for misappropriation of trade secrets. The case arises from a contract between SMA and ACLS for the provision of certain toxicology testing services. Compl. ¶ 1. SMA is a Pennsylvania corporation with its principal place of business in Feasterville, Pennsylvania, in the Eastern District of Pennsylvania ("District"), Compl. ¶ 2, with additional offices in New York, New York, Reyfman Decl. ¶ 15, Doc. No. 16-3. ACLS is a New York corporation with its principal place of business in Brooklyn, New York, in the Eastern District of New York. Compl. ¶ 3. ACLS has no facilities or employees in Pennsylvania. Reyfman Decl. ¶ 21. Defendant Leonid Reyfman, a resident of New York, is one of the three shareholders of ACLS and is its Chief Operating Officer. Compl. ¶ 4. The two other shareholders of ACLS, Arkady Lipnitsky and Anatoly Mecrovich, are not named as defendants in the Complaint.

SMA provides a "wide range of [medical] testing services" and contracted with ACLS to provide certain blood tests that SMA itself was unable to provide. Compl. ¶¶ 2, 5. The contract negotiations occurred in New York, as did a number of subsequent meetings regarding the contract. Reyfman Decl. ¶¶ 22, 24, 33, 38. Plaintiff contends that Reyfman also attended meetings with SMA in Feasterville. Shvartsburd Decl. ¶¶ 16-17, Doc. No. 18-1. SMA and ACLS executed the contract electronically on April 18, 2014, from Feasterville and Brooklyn, respectively. Compl. ¶ 17; Reyfman Decl. ¶ 23; Shvartsburd Decl. ¶ 10. Under the contract, SMA forward specimens from patients to ACLS facilities in Brooklyn, where the specimens were tested. Reyfman Decl. ¶ 39.

In forwarding the specimens, SMA provided ACLS with "confidential business information, including customer identifications" and "ACLS agreed not to contact or solicit any of SMA's customers or to collect any fees from SMA's customers without the prior consent and approval of SMA." Compl. ¶¶ 5, 25. Despite that agreement, using SMA's confidential information, "ACLS contacted, engaged, and paid SMA's marketing representatives to solicit SMA's customers on behalf of ACLS," allegedly at Reyfman's direction. Compl. ¶¶ 44, 47. Critically, although the marketing representatives solicited customers in Pennsylvania on ACLS's behalf, none of the marketing representatives contacted directly by ACLS reside in Pennsylvania. Shvartsburd Decl. ¶¶ 28; Reyfman Decl. ¶ 54.

Plaintiff SMA filed its Complaint in this Court on August 23, 2017, setting forth nine counts for: breach of contract (Count I), misappropriation of trade secrets under Pennsylvania, federal, and New York law (Counts II, III, and IV), conversion of trade secrets (Count V), unjust enrichment (Count VI), tortious interference with contract (Counts VII and VIII), and unfair competition (Count IX). Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2), (3) and (6) or, in the Alternative, to Transfer the Action Pursuant to 28 U.S.C § 1404(a) is ripe for decision.

### III. LEGAL STANDARD

#### A. Venue

Venue in federal courts is generally governed by 28 U.S.C. § 1391. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Section 1391 provides that venue is proper in any judicial district where either "any defendant resides, if all defendants are residents of the State in which the district is located" or "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2). If no district meets those requirements, the action may be brought in

3

any district where "any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391(b)(3). Under 28 U.S.C. § 1406(a), a court where venue is improperly laid may either dismiss the case "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

### B. Transfer

While § 1406 permits either the dismissal or the transfer of a case where venue is not proper in the original forum, § 1404(a) "provides for the transfer of a case where both the original and the requested venue are proper." *Jumara*, 55 F.3d at 878-79. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

If venue is proper in both the original and the proposed venue, a court considering transfer under § 1404(a) must address "all relevant factors" including "the private and public interests protected by the language of § 1404(a)." *Jumara*, 55 F.3d at 879. The "private interests" include plaintiff's forum preference as manifested in the original choice; defendants' preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses; and the location of books and records. *Id.* at 879. "Public interests" include the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879–80.

Ultimately, the party moving to transfer bears the burden of proof and must "support their motion to transfer with any affidavits, depositions, stipulations, or other documents containing

facts that would tend to establish the necessary elements for a transfer under 28 U.S.C. § 1404(a)." *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973).

IV. **DISCUSSION**

   A. **Venue**

In their Motion to Transfer, defendants argue venue is not proper in the Eastern District of Pennsylvania because defendants "reside in New York, and not in the Eastern District Pennsylvania" and "nearly *all* of the events alleged in the Complaint, and the alleged acts and omissions . . . took place in the Eastern District of New York, and *none* took place in the Eastern District of Pennsylvania." Doc. No. 14 at 31 (emphasis in original).

In response, plaintiff argues that venue is proper, as the property at issue—plaintiff's alleged trade secrets in the identities of its customers and marketing representatives—is located in this District. Doc. No. 18 at 22. In its argument, plaintiff relies on the Third Circuit decision *Horne v. Adolph Coors Co.*, 684 F.2d 255, 259 (3d Cir. 1982). In *Horne*, the Third Circuit held that a district court could assert personal jurisdiction over an alleged patent infringer in the home state of the patent owner. 684 F.2d at 259. The Third Circuit reasoned that because "both a state trade secret and a patent should be deemed to have their fictional situs at the residence of the owner," any infringement "would cause injury to the owner thereof, in whatever state he resided." *Id.* at 259-60. Based on *Horne*, plaintiff argues that its trade secrets have their "fictional situs" in this District. The Court agrees with plaintiff that *Horne* is applicable to this case and that venue is proper in this District. *Accord Neopart Transit, LLC v. Mgmt. Consulting, Inc.*, No. 16-3103, 2017 U.S. Dist. LEXIS 25255, at *23 (E.D. Pa. Feb. 23, 2017) ("Third Circuit precedent is clear that the 'situs' of a trade secret is the state in which the intellectual property was created.")

5

Defendants attempt to distinguish *Horne* on two grounds, both of which the Court rejects. First, defendants argue that *Horne* is inapplicable to this case because it addresses only personal jurisdiction. Doc. No. 19 at 15. Although personal jurisdiction and venue are distinct concepts, 684 F.2d at 260, the two analyses rely on similar factual considerations, including the locations of the events and property involved in the dispute, *Dole Food Co. v. Watts*, 303 F.3d 1104, 1116 (9th Cir. 2002); *Crayola, LLC v. Buckley*, 179 F. Supp. 3d 473, 477 (E.D. Pa. 2016). Defendants' argument would create a distinction between the location of a trade secret for purposes of personal jurisdiction under *Horne* and for purposes of venue. Such a distinction would be unworkable.

Second, defendants argue that the "substantial part of property" provision of § 1391 applies only to "tangible property." In their argument, defendants rely on the case *Crayola, LLC v. Buckley*, a trade secret dispute. In *Crayola*, the district court rejected plaintiff's argument that venue was proper because its trade secret was located in this District. 179 F. Supp. 3d at 479 n.4. In reaching that decision, the district court reasoned that the "substantial part of property" provision of § 1391 "encompass[es] 'property disputes or in rem actions'" and consequently does not apply to cases involving trade secrets. *Id.* (citations omitted).

This Court rejects defendant's argument based on *Crayola*. The cases relied on by the *Crayola* court determined that the "substantial part of property" provision did not apply to corporate "books, records and assets" in a federal securities suit, *Am. High-Income Tr. v. Alliedsignal Inc.*, No. 00-690 GMS, 2002 U.S. Dist. LEXIS 3761, at *10 (D. Del. Mar. 7, 2002), corporate assets in a contract dispute, *Falcoal, Inc. v. Turkiye Komur Isletmeleri Kurumu*, 660 F. Supp. 1536, 1543 (S.D. Tex. 1987), or corporate assets in a suit for fraud, *Spain v. Eagleburger Law Grp.*, Civil Action No. 04-cv-01817-WDM-PAC, 2006 U.S. Dist. LEXIS 14369, at *7 (D.

Colo. Mar. 9, 2006). In each of those cases, the courts concluded that the suits were not "property dispute[s]," but suits "alleging financial damages to a corporation." *E.g.*, *Am. High*, No. 00-cv-690, 2002 U.S. Dist. LEXIS 3761, at *10; *Falcoal*, 660 F. Supp. at 1543. The corporate assets in question were not the "subject" of those suits. *Spain*, No. 04-cv-01817-WDM-PAC, 2006 U.S. Dist. LEXIS 14369, at *7-8.

On the other hand, trade secrets are property, *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1011 (1984), and plaintiff's alleged trade secrets are the "subject" of this dispute. This Court declines to follow the decision in *Crayola* that intellectual property such as trade secrets should be distinguished from other types of property.

For the reasons stated above, the Court concludes that venue is proper in this District.

### B. Transfer

Because the Court concludes that venue is proper in this District pursuant to 28 U.S.C. § 1391, it will consider defendants' Motion to Transfer under 28 U.S.C. § 1404(a). As an initial matter, transfer pursuant to § 1404(a) is proper only where "where both the original and the requested venue are proper." *Jumara*, 55 F.3d at 878. Venue would be proper in the defendants' requested venue — the Eastern District of New York — pursuant to 28 U.S. Code § 1391(b)(1), because all defendants reside there, a point plaintiff concedes. Doc. No. 18 at 25. Because both the original and the requested venue are proper, the Court next considers the "private and public interests protected by the language of § 1404(a)." *Jumara*, 55 F.3d at 879. For the reasons stated below, the Court concludes that transfer is proper pursuant to § 1404(a).

#### *1. Private Factors*

In *Jumara*, the Third Circuit has articulated a non-exhaustive list of six factors underlying the private interests protected by § 1404(a). 55 F.3d at 879. "The private interests have

7

included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses — but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted).

Of these factors, only the first, plaintiff's forum preference, weighs against transfer. Although generally given "deference," plaintiff's preferred forum carries "less weight" when "the cause of action did not occur in the selected forum." *Paul Green Sch. of Rock Music Franchising, LLC v. Rock Nation, LLC*, No. 08-cv-4503, 2009 U.S. Dist. LEXIS 3570, at *9 (E.D. Pa. Jan. 13, 2009). Here, plaintiff's preferred forum is in this District, but the record before the Court reveals the cause of action arose in the Eastern District of New York. The contract at issue was negotiated there, defendants performed their duties under the contract there, and, after allegedly misappropriating plaintiff's customer list, defendants performed services for plaintiff's former clients there. Thus, this factor weighs only slightly against transfer.

The next three factors—defendants' preferred forum, the location where the cause of action arose, and the convenience of the parties—weigh in favor of transfer. First, defendants prefer to litigate the case in the Eastern District of New York. Second, although the alleged trade secret at issue is situated in this District, the conduct giving rise to plaintiff's claims occurred in New York, as described above. Further, the Eastern District of New York would be more convenient for all parties. Although plaintiff's principal place of business is located in this District, plaintiff maintains offices in New York. Defendants have no offices in this District. Thus, these three factors weigh strongly in favor of transfer.

8

Finally, the last two private factors— the convenience of the witnesses and the location of books and records—are neutral. A court may consider these factors "only to the extent that the witnesses may actually be unavailable for trial in one of the fora" or the records "could not be produced" in the forum. *Jumara*, 55 F.3d at 879. Although defendants state that "all witnesses reside in New York," they have identified no witnesses in particular and provided no reasons why they would be unavailable in this District. Defendants have also failed to provide any reason that the relevant books and records could not be produced in this District. Thus, these factors are neutral.

Because plaintiff's preferred forum weighs against transfer and defendants' preferred forum, the location where the cause of action arose, and the convenience of the parties weigh in favor of transfer, the private *Jumara* factors weigh in favor of transfer. The Court now turns to the public *Jumara* factors.

### 2. Public Factors

The public factors identified by the Third Circuit in *Jumara* include: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." *Jumara*, 55 F.3d at 879-80 (citations omitted). The Court considers each of the four factors addressed by the parties.[1]

---

[1] The parties do not raise arguments under the first or fifth public factors—the enforceability of the judgment and the public policies of the fora. The Court concludes that they are inapplicable to this case. *See E'Cal Corp. v. Office Max, Inc.*, No. 01-cv-3281, 2001 U.S. Dist. LEXIS 15868 at *4 (E.D. Pa. Sept. 7, 2001).

The second and third public factors—practical considerations that could make the trial easy, expeditious, or inexpensive and the relative administrative difficulty in the two fora resulting from court congestion—are neutral. Defendants contend that litigation would be substantially easier, more expeditious, and less expensive in New York because "all witnesses reside" there. Defendants, however, have failed to identify a single witness to support their argument. This factor is thus neutral.

Likewise, plaintiff argues that this District faces fewer administrative difficulties due to a smaller caseload. Despite their larger caseload, district courts in the Eastern District of New York dispose of civil cases in 8.2 months on average, compared to an average of 5.8 months in this District. *See Federal Court Management Statistics—Profiles*, UNITED STATES COURTS (Mar. 31, 2018), http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2018.pdf. This increased disposition time in the Eastern District of New York does not pose an "administrative difficulty." This factor is thus neutral.

The fourth *Jumara* public factor, the local interest in deciding local controversies at home, weighs slightly in favor of transfer. Both forum states have an interest in deciding a controversy involving their respective residents. *See Argro v. Marriott Int'l, Inc.*, No. 13-5507, 2014 U.S. Dist. LEXIS 77952, at *9 (E.D. Pa. June 6, 2014). However, most—if not all—of the alleged conduct in this case occurred in New York, not in Pennsylvania. Thus, although Pennsylvania has an interest in the case because it was filed by one of its residents, that interest is outweighed by New York's interest in protecting the rights of its citizens and "regulating corporate conduct within its borders." *Id.*

Finally, the sixth public factor under *Jumara*, the familiarity of the trial judge with the state law applicable in the case, is neutral. Plaintiff has alleged claims for misappropriation of

10

trade secrets under both New York and Pennsylvania state law as well as federal law. Thus, any forum that hears the case will have to consider the laws of both states. A New York court may also be required to apply Pennsylvania contract law or choice of law rules because of the choice of law provision in the parties' contract and the Supreme Court decision *Van Dusen v. Barrack*, 376 U.S. 612, 642 (1964), but those aspects of Pennsylvania law are well established and will not pose difficulties to a federal court. *See Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 251 (3d Cir. 2007). Thus, this factor is neutral.

Because the fourth public factor weighs slightly in favor of transfer and the remaining public factors are neutral, the public factors weigh slightly in favor of transfer. Together with the private factors discussed above, the *Jumara* factors weigh in favor of transfer. Because the Court determines that transfer is proper pursuant to 28 U.S.C. § 1404(a), it need not address defendants' arguments under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). *Lafferty v. Gito St. Riel*, 495 F.3d 72, 80 (3d Cir. 2007) ("[A] § 1404(a) transfer [is] available even though there [is] no personal jurisdiction.") (citing *United States v. Berkowitz*, 328 F.2d 358 (3d Cir. 1964)); *accord Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979).

V.     **CONCLUSION**

For the foregoing reasons, defendants Advanced Clinical Laboratory Solutions, Inc., and Leonid Reyfman's Motion to Transfer the Action Pursuant to 28 U.S.C § 1404(a) is granted and this case is transferred to the United States District Court for the Eastern District of New York. Defendants' Alternative Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3) for lack of personal jurisdiction and improper venue is denied as moot. The Court does not rule on defendants' Alternative Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. An appropriate order follows.